UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds,

                     07cv 669 (SJ)(RML)

                Plaintiffs,         MEMORANDUM
                               AND ORDER

-against-

EMPIRE STATE TRUCKING, INC.,

                Defendant.
-------------------------------------------------------------X
A P P E A R A N C E S:

**AVRAM H. SCHREIBER**
40 Exchange Place, Suite 1300
New York, NY 10005
212-425-7670
Fax: 212-425-9237
Attorney for Plaintiffs


JOHNSON, Senior District Judge:

     Plaintiffs Gary Labarbera and Frank Finkel, Trustees of Local 282 International

Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick

Leave Trust Funds (the "Funds") (collectively, "Plaintiffs") brought this action,

pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1132 and 1145, and the Taft-Hartley Act, 29 U.S.C. § 185, *et seq.*, against

defendant Empire State Trucking ("Defendant"), alleging that Defendant failed to remit

1

contributions to the Funds as required pursuant to a Collective Bargaining Agreement ("CBA"). Defendant never responded to the Complaint and failed to appear before the Court in this action on May 17, 2007.

Subsequently, on May 21, 2007, this Court referred the matter to United States Magistrate Judge Robert M. Levy for a Report and Recommendation on the question of damages. On February 26, 2008, Magistrate Judge Levy issued a Report and Recommendation (the "Report"), recommending that this Court award Plaintiffs unpaid principal contributions in the sum of $103,900.17; interest on the unpaid principal through the date of entry of judgment[1]; liquidated damages in the amount of $30,010.14; attorney's fees in the amount of $6,838.50; and reasonable costs in the amount of $485.03, for a total judgment of $141,233.84 plus interest.

In addition, Judge Levy recommends that Plaintiffs' request for injunctive relief be denied, given that Plaintiffs failed to allege irreparable harm or to establish that there exists no adequate remedy at law, as required under precedent in this Circuit. See Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 68 (2d Cir. 1999).

---

1 Interest will be calculated using a daily rate of .05% for each day the principal remains unpaid.

P-049

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Levy's recommendations were due within 10 days of receipt of the February 26, 2008 decision, or at the latest by March 7, 2008. No objections to the Report were filed with this Court. Upon review of the recommendations, this Court adopts and affirms Magistrate Judge Levy's Report in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
March 1⁊, 2008

s/SJ

_____
U.S.D.J.

3

P-049